THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH TARDIBUONO, Defendant.

Court of General Sessions of County of New York, June 17, 1940.

*Thomas E. Dewey, District Attorney [Harold M. Cole, Assistant District Attorney, of counsel], for the plaintiff.*

*Abraham S. Robinson, for the defendant.*

FRESCHI, J. The defendant has applied for an inspection of the grand jury minutes on the ground that the instrument, the possession of which is charged as a crime, is not a firearm within the meaning of the law. Upon examination of the exhibit it is found to be, in form and character, a revolver with a broken spring that connects the revolving cartridge chamber with the trigger. It seems that when the trigger is pulled, a small inside pin, part of the operating mechanism, is propelled by means of the spring.

thereby causing the cartridge carriage to revolve; but notwithstanding the broken spring, the carriage may be turned by hand so as to make possible the discharging of any cartridge so placed opposite the hammer of the gun. In fact, the police, in order to test the instrument, loaded it with powder and ball and did fire a bullet from it. It is thus clear that this broken spring does not totally impair the use of the gun or the hammer's being operated by manual manipulation. There is nothing about the gun otherwise that prevents its operation and use as a firearm or as a dangerous weapon.

Whether an exhibit or instrument such as this comes within the prohibition of the statute (Penal Law, § 1897), either as a firearm or as a dangerous weapon, is for the arbiters of fact, unless the court finds the instrument to be beyond repair so that under no circumstances can it be restored to its original condition as a gun and used as such.

The courts, from time to time, have had occasion to lay down the rules that control under such circumstances. (*People* v. *Thompson*, 227 App. Div. 712; *People* v. *Katz*, 228 id. 822; *People ex rel. Griffin* v. *Hunt*, 150 Misc. 163; *People* v. *Simons*, 124 id. 28.)

This motion must be denied.