COMMONWEALTH *vs.* RELVA SYLVESTER. No. 92-P-1658. August 17, 1993. *Assault with Intent to Murder. Firearms. Practice, Criminal,* Instructions to jury, Assistance of counsel.

While Rondelle Offley stood making a call at an outdoor pay telephone, two men approached. One of whom, the defendant, fired four or five shots at Offley. He was wounded in the knee. The attack was apparently a product of gang warfare. Indeed, the shooting had been preceded by the question to Offley, "Are you down with Strathcona?" Translated, that meant did Offley run with a gang that hung around Strathcona Street in Dorchester. Offley recognized the defendant Sylvester and knew him by name.

Such are facts the jury could have found on the basis of evidence received. The jury returned verdicts finding the defendant guilty of assault with intent to murder (G. L. c. 265, § 18), assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A), and unlawful possession of a handgun (G. L. c. 269, § 10).

1. *Sufficiency of the evidence to convict of assault with intent to murder.* To avoid a required finding of not guilty, the government's evidence must, if taken in the light most favorable to the prosecution and permitting reasonable inferences to be drawn from the evidence, be of sufficient force to allow minds of ordinary intelligence and wisdom to find that the crime charged has been proved beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-679 (1979). *Commonwealth* v. *Stewart*, 411 Mass. 345, 349-350 (1991). The defendant argues that, as the victim was wounded in the knee, the specific intent to kill cannot rationally be inferred. The shooting was at close range, after all. There was, however, a fusillade of shots, some fired after the victim had already been hit in the knee and was sprawled on the ground. The jury were free to infer from the burst of shooting that whoever was firing intended mortal harm.

In his charge to the jury, the judge instructed the jury that the Commonwealth had the burden of proving

> "that this defendant had in his mind an actual, subjective intent to kill. An intent merely to disable, an intent merely to scare off, an intent merely to inflict bodily injury is not sufficient. The intent to inflict bodily injury or even serious bodily harm is not sufficient . . . . You may consider all the surrounding facts and circumstances and weigh them in light of your common knowledge and experience in order to determine whether or not to draw the inference

that the defendant committed the assault with the specific intent to kill."

The jury, thus, had the question of intent to kill squarely called to their attention. They could apply their common experience and decide that the less than mortal wound inflicted on the victim Offley was the consequence of poor marksmanship and that the purpose of firing off four or five shots was to kill the target. See *Commonwealth* v. *Gabbidon*, 398 Mass. 1, 5-6 (1986); *Commonwealth* v. *Arias*, 29 Mass. App. Ct. 613, 618 (1990), *S.C.*, 410 Mass. 1005 (1991).

2. *Evidence satisfying definition of a handgun.* Concerning the defendant's conviction of unlawful possession of a handgun, he protests that the government did not produce evidence that the weapon was a firearm as defined in G. L. c. 140, § 121, i.e., a pistol or revolver with a barrel less than sixteen inches. The victim testified that the person who shot him used a hand held weapon which he thought was a .25 caliber Baretta automatic. The jury could infer from that testimony that the assailant who fired the shots was using a handgun. It was not necessary to wheel up an expert. See *Commonwealth* v. *Tuitt*, 393 Mass. 801, 810 (1985); *Commonwealth* v. *Paiva*, 16 Mass. App. Ct. 561, 564 (1983).

3. *Jury instructions.* Although trial counsel for the defendant expressed himself as satisfied with the judge's instructions to the jury, appellate counsel now quarrels with examples which the judge used which appellate counsel thinks confused the definiton of specific intent and the role of malice as an element of the crime. We need not consider objections to the jury charge which were not called to the trial judge's attention. Certainly the point made by appellate counsel involves nothing so fundamental as to present a substantial risk of a miscarriage of justice. Parenthetically, we think the charge did not fog the specific intent element of assault with intent to kill.

4. *Effectiveness of trial counsel.* Appellate counsel faults trial counsel for not objecting to certain leading questions by the prosecutor, failure to expose more adroitly inconsistent statements of the victim Offley with prior testimony, and failure to object to the judge's instructions on assault with intent to kill. We have already stated our view that the judge's instructions on assault with intent to kill were fundamentally correct. Failing to make an objection based on the form of a question is not generally the stuff of ineffective assistance of counsel. As to prior inconsistent statements of the victim witness, defense counsel did test the witness with some inconsistencies. It does not constitute ineffective assistance of counsel that he did not probe every inconsistency which occurs to appellate counsel when she, at comparative leisure, prowls through the record. See *Commonwealth* v. *McGann*, 20 Mass. App. Ct. 59, 61 (1985).

*Judgments affirmed.*

*Judith Farris Bowman* for the defendant.
*Paul B. Linn*, Assistant District Attorney, for the Commonwealth.