# DECISIONS

## OF THE

## APPEALS COURT

### OF

## MASSACHUSETTS

---

COMMONWEALTH *vs.* VICTOR NIEVES.

No. 96-P-758.

Hampden. February 7, 1997. - June 13, 1997.

Present: KASS, GREENBERG, & FLANNERY, JJ.

*Firearms.*

At the trial of a complaint alleging the defendant, without a license, possessed or had under his control in a motor vehicle a firearm, in violation of G. L. c. 269, § 10(*a*), in which the Commonwealth presented as evidence only the gun itself and no expert testimony or ballistics certificate, the judge erred in denying the defendant's motion for a required finding of not guilty where the evidence was insufficient to enable the jury to find beyond a reasonable doubt that the gun was a working firearm, capable of discharging a bullet. [2-4]

COMPLAINT received and sworn to in the Holyoke Division of the District Court Department on June 14, 1993.

The case was tried before *Peter J. Rutherford*, J.

*John L. Melanson* for the defendant.

*James R. Goodhines*, Assistant District Attorney, for the Commonwealth.

KASS, J. Victor Nieves was found guilty by a jury of six of knowingly having in his possession or under his control in a vehicle a firearm without a license, in violation of G. L. c. 269, § 10(*a*). On appeal, Nieves argues — we think persuasively — that the trial judge erred in denying his motion for a required finding of not guilty on the ground that the evidence was insufficient to enable the jury to find beyond a reasonable doubt that the gun was a working firearm, capable of discharging a bullet. Accordingly, we reverse the judgment.

"To constitute a 'firearm' within the meaning of G. L. c. 140, § 121, and hence within the prohibition of G. L. c. 269, § 10(*a*), the 'instrument in question must be (1) a weapon, (2) capable of discharging a shot or bullet, and (3) under a certain length.' " *Commonwealth* v. *Raedy*, 24 Mass. App. Ct. 648, 652 (1987), quoting from *Commonwealth* v. *Sampson*, 383 Mass. 750, 753 (1981). See *Commonwealth* v. *Tuitt*, 393 Mass. 801, 810 (1985). The Commonwealth argues that, based on evidence adduced at trial, the jury could reasonably have concluded that the .38 caliber revolver found behind the driver's seat of the car the defendant was driving was capable of discharging a bullet.

The burden on the Commonwealth in proving that the weapon is a firearm in the statutory sense is not a heavy one. It requires only that the Commonwealth present *some* competent evidence from which the jury reasonably can draw inferences that the weapon will fire. So, for example, testimony from an expert that a firing pin could easily be fashioned to make a weapon work as a submachine gun could take to the jury the question of fact whether the gun was a machine gun. *Commonwealth* v. *Bartholomew*, 326 Mass. 218, 219 & 222 (1950). In *Commonwealth* v. *Fancy*, 349 Mass. 196, 204 (1965), the gun in question was loaded, leading the court to observe that the jury could, without the aid of an expert, find that the gun was capable of discharging a bullet. In *Commonwealth* v. *Sperrazza*, 372 Mass. 667, 668, 670 (1977), there was evidence that the gun in question had actually been fired. An issue was raised whether it had a barrel less than sixteen inches and that, of course, the jury could determine through simple observation. The threat with a gun,

"Don't get killed over anybody else's money," together with the gun itself, was evidence which warranted a jury in finding that the gun at issue in *Commonwealth* v. *Tuitt*, 393 Mass. at 809-810, could discharge a bullet. The facts in *Commonwealth* v. *Stallions*, 9 Mass. App. Ct. 23 (1980), resembled those in *Commonwealth* v. *Fancy*, *supra*, in that the gun, a .38 caliber Smith and Wesson, contained five cartridges in the cylinder. There was testimony in *Commonwealth* v. *Raedy*, 24 Mass. App. Ct. at 652-654, that the weapon, a .25 caliber semiautomatic handgun, was loaded, operable with a minor repair easily made by someone who owned the gun, and could be fired without a repair at least once if held upside down. Testimony in *Commonwealth* v. *Sylvester*, 35 Mass. App. Ct. 906 (1993), that the defendant fired four or five shots at a police officer was obviously quite enough to show that the gun was in working order and, as in some of the other cases, the residual question of barrel length was something the jury could work out by looking at the weapon. Contrast *Commonwealth* v. *Rhodes*, 21 Mass. App. Ct. 968, 969-970 (1986), in which we held that the question of whether the weapon was a firearm in the statutory sense could not go to the jury, where the only evidence at the close of the Commonwealth's case was that, because of a bent sear bar connector lever, the gun in question could not fire a bullet.

Here, the only evidence that the Commonwealth presented was the gun itself. A proffer under G. L. c. 140, § 121A, of a certificate by a ballistics expert of the firearms identification section of the department of public safety was excluded on a defense objection in the course of a bench conference transcribed as "inaudible."[1] The gun itself permitted the jury to find it was a pistol or revolver with a barrel of less than sixteen inches, but the mechanisms of guns are not so universally familiar that jurors, simply by looking at one, can tell whether it works. It could be a crippled gun, as in the *Rhodes* case, or a carefully made dummy. We conclude that, in the absence of some evidence of capacity to discharge a bullet, such as that the gun was fired, the manner it was used, the ammunition inside, the testimony of persons who handled the gun, testimony of persons familiar with guns, or a ballistics certificate, the evidence is insufficient to put to the jury

[1] The exclusion of the § 121A certificate is puzzling, but the Commonwealth has not contested it in its responsive memorandum.

the question of fact, on proper instruction, whether the gun in question is capable of discharging a bullet. To require less would strip of meaning the Legislature's careful definition of a firearm as a weapon which, whether loaded or unloaded, is one from which a shot or bullet can be discharged. But for the frequent need to prove that a weapon is a firearm within the meaning of G. L. c. 140, § 121, there would have been little purpose for the insertion of § 121A in G. L. c. 140, by St. 1972, c. 268, which greatly facilitates such proof by allowing a certificate to be prima facie evidence that a weapon is a firearm.

Accordingly, we reverse the judgment under G. L. c. 269, § 10(*a*), set aside the verdict, and order entry of judgment for the defendant.

*So ordered.*