NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11754

COMMONWEALTH  vs.  JASON DAGRACA-TEIXEIRA
(and a companion case[1]).


March 16, 2015



<u>Firearms</u>.  <u>Controlled Substances</u>.  <u>Evidence</u>, Firearm, Constructive possession, Inference.  <u>Search and Seizure</u>, Warrant.



        The defendants, Jason Dagraca-Teixeira (Jason) and Adilson Teixeira (Adilson), were convicted of possession of heroin, G. L. c. 94C, § 34;[2] unlawful possession of a firearm, G. L. c. 269, § 10 (<u>h</u>); and unlawful possession of ammunition, G. L. c. 269, § 10 (<u>h</u>) (1).  On appeal, the defendants argued, among other things, that the evidence supporting their convictions was insufficient.  A panel of the Appeals Court affirmed the convictions.  <u>Commonwealth</u> v. <u>Dagraca-Teixeira</u>, 85 Mass. App. Ct. 1126 (2014).  We granted the defendants' applications for further appellate review, limited to the issue of the sufficiency of the evidence.  See <u>Commonwealth</u> v. <u>Dagraca-Teixeira</u>, 469 Mass. 1110 (2014).

        We hold that there was sufficient evidence supporting the convictions of possession of heroin, but that the Commonwealth

_____

        [1] <u>Commonwealth</u> <u>vs</u>. Adilson Teixeira.

        [2] The defendants were charged with possession of heroin with intent to distribute, G. L. c. 94C, § 32 (<u>a</u>).  The jury found the defendants guilty of the lesser included offense of possession of heroin.

did not present sufficient evidence to establish possession of the firearms and ammunition beyond a reasonable doubt. We therefore affirm in part and reverse in part.

We review the essential evidence in the light most favorable to the Commonwealth. At approximately 11 P.M. on an evening in November, 2011, six Taunton police officers executed a search warrant for a second-floor apartment on Wales Street in Taunton. They entered through an open door and found eight to ten people inside, including Adilson. The officers secured the apartment and its occupants. One of the officers searched Adilson and found $340 in cash in his pocket. While the officers were present, Jason arrived with an unidentified woman. An officer searched him and found $375 in cash and a key.

The search of the apartment included three bedrooms located off a short interior hallway. Jason's key fit the lock of one of the bedrooms. In that bedroom, an officer found a small bag containing a substance believed to be heroin, along with Jason's baptismal certificate, a cellular telephone, and scales. During the search of a second bedroom, another officer found two small bags of what appeared to be the same substance found in the first bedroom, along with twenty-nine dollars in cash, on a table with Adilson's birth certificate and other documents. A woman's jacket was hanging on the door to the bedroom closet. Inside a zippered pocket, in the jacket, officers found $200 in cash and a plastic bag containing ten smaller bags of the same substance as on the table. At trial, the defendants stipulated to the fact that the substance in the various bags found in these bedrooms was heroin. No contraband was found in the third bedroom.

In the ceiling of the common hallway was a small, sealed hatch to an attic. The attic was accessible only through the hatch. To gain entry, one of the officers pushed in the hatch door and was boosted up by the other officers. There was no ladder or pull-down stairs leading to the attic. The officer testified that, on entering the attic, he sat on the edge of the opening. He eventually noticed a small plastic shopping bag wedged between the ceiling joists and the insulation. The officer removed the bag and found that it contained two loaded handguns. He did not testify to finding anything else in the attic.

Possession of heroin. The Commonwealth presented ample evidence to support the defendants' drug convictions. Their presence in the apartment plus the evidence of their personal

documents found in the respective bedrooms, in direct proximity to the heroin, was more than sufficient to establish possession. Commonwealth v. Pratt, 407 Mass. 647, 652 (1990).

Possession of firearms and ammunition. Because the loaded guns were concealed in the attic, the issue before us is the sufficiency of the evidence to support the Commonwealth's theory of constructive possession. Constructive possession requires proof of "knowledge coupled with the ability and intention to exercise dominion and control." Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989), quoting Commonwealth v. Rosa, 17 Mass. App. Ct. 495, 498 (1984). See Commonwealth v. Deagle, 10 Mass. App. Ct. 563, 567-568 (1980), and cases cited. This proof "may be established by circumstantial evidence, and the inferences that can be drawn therefrom." Brzezinski, supra, quoting Commonwealth v. LaPerle, 19 Mass. App. Ct. 424, 426 (1985). However, "[p]resence alone cannot show the requisite knowledge, power, or intention to exercise control over the [contraband], but presence, supplemented by other incriminating evidence, 'will serve to tip the scale in favor of sufficiency.'" Commonwealth v. Albano, 373 Mass. 132, 134 (1977), quoting United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).

Because they had access to the attic, it reasonably can be inferred that the defendants had the "ability" to exercise control over items located there. Brzezinski, supra at 409-410. The dispositive question, however, is whether the Commonwealth provided sufficient evidence of their "knowledge" of the concealed firearms and "intention" to exercise such control. Id. The mere fact that the attic was above the bedrooms, without any evidence that it was directly accessible through the bedrooms, was insufficient, without more, to support an inference that the defendants had the requisite knowledge of the contents of the attic and an intention to exercise control of the contents. The attic was equally accessible to all occupants of the apartment, and not uniquely accessible to the occupants of the bedrooms.

None of the evidence presented showed a connection between the defendants and anything in the attic, let alone to the firearms and ammunition concealed there. Conversely, the search of the bedrooms and the common living areas uncovered nothing establishing the defendants' connection to the weapons. See Commonwealth v. Caraballo, 33 Mass. App. Ct. 616, 618-620 (1992) (no constructive possession where defendant stood in common hallway immediately outside his apartment next to chair above which bags of cocaine were concealed in ceiling). Contrast

<u>Commonwealth</u> v. <u>Montanez</u>, 410 Mass. 290, 305-306 (1991) (possession where drugs were concealed in ceiling of common hallway immediately outside defendant's apartment and were packaged in same type of materials as drugs found in his apartment).  No known possessions of the defendants were found in the attic; indeed, there was no evidence that the defendants had ever been in the attic.  There was also no evidence that police officers observed the defendants engaged in any suspicious activity relating to firearms and ammunition,[3] and no evidence that any other firearms, ammunition, or gun paraphernalia were found in the bedrooms or common living areas of the apartment.  Nor was there any suggestion that the defendants displayed any consciousness of guilt in reaction to the search of the attic.  Cf. <u>Brzezinski</u>, <u>supra</u> at 410.  Thus, the evidence was insufficient to support a conclusion beyond a reasonable doubt that the defendants constructively possessed the firearms and ammunition concealed in the attic.

<u>Conclusion</u>.  The convictions of possession of heroin are affirmed.  The convictions of unlawful possession of firearms and ammunition are reversed.

<u>So ordered</u>.

<u>Travis J. Jacobs</u> for Jason Dagraca-Teixeira.
<u>Jacob B. Stone</u> for Adilson Teixeira.
<u>Yul-mi Cho</u>, Assistant District Attorney, for the Commonwealth.

---

[3] We have held in other contexts that evidence of illegal drug activity does not necessarily warrant a conclusion -- even under a reasonable suspicion or probable cause standard -- that illegal weapons are present.  See <u>Commonwealth</u> v. <u>Gomes</u>, 453 Mass. 506, 512-513 (2009); <u>Commonwealth</u> v. <u>Jimenez</u>, 438 Mass. 213, 220 (2002).  Moreover, in acquitting the defendants of possession with intent to distribute, the jury appear to have rejected the notion that the defendants were engaged in large-scale drug activity.  See note 2, <u>supra</u>.