The defendant, Paul A. Marrama, appeals from the denial of a motion for a new probation violation hearing, claiming that he was denied the effective assistance of counsel and that the judge erred in denying the motion without holding an evidentiary hearing. We affirm.
Background. The defendant was indicted on two counts of rape of a child and one count of resisting arrest. On July 16, 2012, he pleaded guilty and was sentenced as follows: three to four years in State prison for one count of rape, a concurrent thirty-day sentence to the house of correction for the resisting arrest charge, and five years' probation for the second count of rape, to be served on and after the committed sentence. The terms and conditions of probation included, among other things, that the defendant refrain from illegal drug or alcohol use. The defendant was released from State prison on July 1, 2014. Following his release, the probation department issued notices of violations of probation on three separate occasions. Only the third violation is at issue in this appeal.[2] That notice alleged that the defendant was using opiates and had overdosed on March 4, 2015.
At the probation violation hearing, the Commonwealth presented three witnesses: the defendant's mother, his sister, and the rape victim's father. The judge found the defendant in violation of his probation, revoked the probation, and sentenced him to three to four years in State prison. The defendant filed a motion to reconsider, which was denied. In February of 2017, the defendant filed a motion for a new probation violation hearing. A different judge denied the motion without a hearing. This appeal followed.
Discussion. 1. Ineffective assistance of counsel. The defendant contends that his attorney was ineffective for (1) failing to ascertain that two witnesses at the hearing were related to the rape victim, (2) failing to cross-examine the witnesses regarding their bias, and (3) failing to properly advocate at the hearing and at sentencing.
While the defendant "is entitled to the effective assistance of counsel at a probation violation hearing whenever imprisonment may result," Commonwealth v. Pena, 462 Mass. 183, 188 (2012), he has not met his burden of proving that defense counsel's representation was constitutionally inadequate and prejudicial. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). There is no merit to the defendant's claim that defense counsel was not aware of and did not adequately research the witnesses' relationship to the victim. When the victim's father was called to the witness stand, the probation officer said in open court, "I'd like the victim's father ... to be called first." After some discussion, the probation officer said, "Your Honor, this is ... the victim's father." Defense counsel then objected, indicating he was paying close attention to the proceedings. Further, when asked what his relationship was to the defendant, the witness stated that he had been married to the defendant's sister for eight years. In addition, the other two witnesses were identified during the hearing as the defendant's sister and mother. Defense counsel's affidavit that he was unaware of the relationship of the witnesses to the victim is belied by the record.
As to the allegation concerning the failure to cross-examine the witnesses as to possible bias, this was, as the judge found, a rational, tactical decision, as it could have alienated the witnesses and made matters worse. See Commonwealth v. Kolenovic, 471 Mass. 664, 675 (2015). In fact, the testimony of both the victim's father[3] and the defendant's sister appeared to show sympathy for the defendant and concern for his sobriety. While that strategy ultimately failed, a strategic decision does not constitute ineffective assistance of counsel because it was unsuccessful. See Commonwealth v. LaBrie, 473 Mass. 754, 771 (2016). Moreover, such cross-examination would likely have not changed the outcome. See Commonwealth v. Sylvester, 35 Mass. App. Ct. 906, 907 (1993).
Finally, the defendant claims that his counsel was ineffective because he failed to properly advocate for him during the hearing and at sentencing. Defense counsel focused on the defendant's substance use problems at sentencing. This was not a manifestly unreasonable position to take, particularly since the violation was based on a drug overdose. In ruling on the motion, the judge noted efforts undertaken by defense counsel which demonstrated his advocacy.[4] Defense counsel also referred to the defendant's sex offender status and stated that he was "somewhat aware" of the circumstances which led to the guilty pleas, which indicate his familiarity with the case. The judge properly exercised his discretion in denying the motion for a new probation violation hearing.
2. Denial of evidentiary hearing. The defendant argues that the judge should have conducted an evidentiary hearing on his motion for a new probation violation hearing. Because the defendant did not raise a substantial issue, supported by a significant evidentiary showing, an evidentiary hearing was not required. See Commonwealth v. Scott, 467 Mass. 336, 344 (2014) ("A judge may make the ruling based solely on the affidavits and must hold an evidentiary hearing only if the affidavits or the motion itself raises a substantial issue that is supported by a substantial evidentiary showing" [quotation omitted] ). There was no error.
Order denying motion for new probation revocation hearing affirmed.

The defendant was reprobated on the first two probation violations. The new terms ordered the defendant to enter and complete the AdCare program.

During the defendant's sentencing, the victim's father testified that he wanted the defendant to be sober and attend "AA classes."

These efforts included moving to sequester witnesses, arguing the lack of medical records and eyewitnesses to the overdose, and making appropriate objections.