COMMONWEALTH vs. MANUEL L. MENDES. No. 96-P-1254. November 25, 1997.
*Practice, Criminal,* Required finding, Presumptions and burden of proof,
Argument by prosecutor. *Firearms.*

The defendant was convicted by a Superior Court jury of unlawful posses-
sion of a firearm, G. L. c. 269, § 10(*a*), and unlawful possession of ammuni-
tion, G. L. c. 269, § 10(*h*). In the same proceedings, he was acquitted of traf-
ficking in cocaine, G. L. c. 94C, § 32E (five counts); unlawful possession of a
firearm, G. L. c. 269, § 10(*a*); and receiving stolen property, G. L. c. 266,
§ 60. On appeal, he alleges that (1) the Commonwealth's evidence supporting
both convictions was legally insufficient and (2) the prosecutor's closing argu-
ment was improper. We affirm.

We briefly recite the pertinent facts, presenting them, as we must when
reviewing the denial of a motion for a required finding of not guilty, in the
light most favorable to the Commonwealth. See *Commonwealth* v. *Hilton,* 398
Mass. 63, 64-65 (1986).

While babysitting for the defendant's neighbor, Tina Johnson saw a duffle
bag tied to the fence dividing her employer's yard from the defendant's yard.
Johnson opened the bag, saw that it contained firearms, and immediately
called the police. Officers arrived and seized the bag and its contents. Accord-
ing to the police inventory, the bag contained two guns — a sawed-off .22
caliber rifle, which was wrapped in a towel and bound with black electrical
tape, and a .45 caliber pistol — and .22 caliber ammunition, a roll of black
tape of the type used to wrap the rifle, $900 in cash, a small scale, and a
quantity of crack cocaine.

On the basis of the police investigation that followed, the Commonwealth
linked the defendant to the .22 caliber rifle and matching ammunition through
both forensic tests and eyewitness testimony. As to the former category of
evidence, fingerprint analysis on the contents of the bag revealed that the
defendant's thumbprint was on the box of .22 caliber ammunition, as well as
the roll of tape. As to the latter, one Michael MacLeod testified that he and the
defendant had been involved in an illegal drug distribution operation. Mac-
Leod stated that in the context of this relationship, he had seen the defendant
handling guns, including a .45 pistol. MacLeod also stated that the defendant
had mentioned that he owned a .22 caliber sawed-off rifle. Finally, MacLeod
testified that the defendant had told him that he (i.e., the defendant) had tied
the bag to the fence bordering the rear yard of his house.

All other pertinent evidence has been incorporated into our analysis.

1. *Required finding.* The familiar test for deciding whether or not a motion
for a required finding of not guilty properly was denied is "whether, after
viewing the evidence in the light most favorable to the prosecution, *any*
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt" (emphasis in original). *Commonwealth* v. *Lati-
more,* 378 Mass. 671, 677 (1979), quoting from *Jackson* v. *Virginia,* 443 U.S.
307, 318-319 (1979). See *Commonwealth* v. *Hilton,* 398 Mass. at 64-65, quot-

ing from *Curley* v. *United States*, 160 F.2d 229, 232-233 (D.C. Cir.), cert. denied, 331 U.S. 837 (1947). Here, the Commonwealth satisfied its burden, presenting sufficient evidence to convict the defendant of the crimes charged.

As to the conviction of violation of G. L. c. 269, § 10(*a*), possession of a firearm, the Commonwealth's case consisted of both circumstantial and direct evidence. As noted, the defendant's fingerprints were found both on the box of ammunition and on the roll of tape. Since similar tape had been used to bind the towel around the rifle and the tape and the rifle were found together, the jury were entitled to infer that the rifle was under the defendant's control. See generally *Commonwealth* v. *LaCorte*, 373 Mass. 700, 703 (1977). Bolstering this evidence was MacLeod's testimony that the defendant had admitting owning a .22 rifle and that the defendant had stated that he had placed the bag on the fence. Taken together, this evidence was more than sufficient to establish the defendant's possession of the rifle.

The defendant also claims that the Commonwealth's evidence was deficient as to the charge of possession of ammunition. Specifically, he claims that the Commonwealth was required to submit evidence that the ammunition in question consisted of live rounds, capable of being fired. Admittedly, to sustain a conviction under § 10(*a*) there must be some evidence indicating that the firearm is functional. See *Commonwealth* v. *Nieves*, 43 Mass. App. Ct. 1, 2 (1997). This requirement stems from the statutory definition of a firearm contained in G. L. c. 140, § 121 (as appearing in St. 1983, c. 516, § 1), which provides in pertinent part that the ability to discharge a "shot or bullet" is a defining attribute of a firearm. However, as to ammunition, the definition in § 121 (as appearing in St. 1973, c. 892, § 1), provides only that it be "designed for use in any firearm"; in contrast to the firearms provision, there is no requirement as to current functionality.

In view of these important differences in the statutory definitions, we hold that the Commonwealth, in the context of a prosecution under G. L. c. 269, § 10(*h*), does not bear the burden of proving that particular ammunition is capable of being fired. Compare *In re Khamphouy S.*, 12 Cal. App. 4th 1130, 1134 (1993) (government required to prove ammunition is functional to support conviction of unlawful possession of ammunition where statute specifically refers to "live ammunition"). Rather, the government must show only that the putative ammunition is designed for that purpose.

There was ample evidence here, including the physical appearance, manner of packaging, and testimony from a police witness, for the jury to infer that the .22 caliber ammunition seized by officers here was "designed for use in [a] firearm." Nothing more was required. As with the conviction of unlawful possession of a firearm, the Commonwealth's evidence was legally sufficient.

2. *Prosecutor's closing.* Next the defendant attacks various aspects of the prosecutor's closing argument. We have considered the defendant's arguments concerning alleged improprieties in the prosecutor's closing argument, and they are without merit.

*Judgments affirmed.*

The case was submitted on briefs.

*Earl Howard* for the defendant.

*Philip A. Rollins*, District Attorney, & *Linda A. Wagner*, Assistant District Attorney, for the Commonwealth.