Salinger, Kenneth W., J.
Jason Douglas and Wayne Steed are accused of constructively possessing a loaded firearm. The police searched a vehicle and found a loaded handgun under the front passenger seat where Douglas had been sitting and immediately in front of the right rear seat where Steed had been sitting. Both men were indicted for unlawfully possessing a firearm, a loaded firearm, and the ammunition in the gun.[1]
Several years passed while the legality of the vehicle search was litigated. Judge Sanders suppressed the firearm and ammunition. The Appeals Court affirmed, but the Supreme Judicial Court granted further appellate review and reversed.[2] The Superior Court magistrate held a status conference in July 2016 and scheduled trial for October 12, 2016. Twelve days before trial the Commonwealth moved for a continuance so that its ballistician witness could attend a training program. Defendants objected, but the trial was continued to January 13, 2017.
Defendants now move to dismiss all indictments against them on the ground that the twelve-month speedy trial time limit imposed by Mass.R.Crim.P. 36 has been exceeded. The Court concludes that it must ALLOW these motions because the Commonwealth has not met its burden of showing that continuing the trial from October 2016 to January 2017 was justified or required by the unavailability of an essential witness, and as a result the Rule 36 speedy trial clock has run out. The Commonwealth has not proved that the ballistician whose schedule it was seeking to accommodate was essential (because the Commonwealth could have proved its case with a substitute expert witness or with no ballistician at all) or that this witness was unavailable within the meaning of Rule 36 (because a police department employee is not *4 unavailable merely because she or he would prefer to go to an out-of-state training program).
1. Legal Background
“Rule 36 ensures that defendants are brought to trial within a reasonable time, requiring that a defendant ‘shall be tried within twelve months after the return day in the court in which the case is awaiting trial.’ ” Commonwealth v. Taylor, 469 Mass. 516, 520 (2014), quoting Mass.R.Crim.P. 36(b)(1)(C). “If the defendant is not brought to trial within one year, ‘he shall be entitled upon motion to a dismissal of the charges.’ ” Id., quoting Mass.R.Crim.P. 36(b)(1). “The twelve-month period may be tolled, however, during those periods enumerated by Mass.R.Crim.P. 36(b)(2), or where the defendant acquiesced in the delay, . . . was responsible for the delay, ... or benefited from the delay.” Id. at 520-21 (citations omitted). “The Commonwealth bears the burden of demonstrating that any period of time should be excluded from the calculation.” Id. at 521.
By law, any dismissal of charges “on speedy trial grounds” under Rule 36 operates as a dismissal with prejudice, so that “a subsequent prosecution for the same and any related offense is barred.” Commonwealth v. Balliro, 385 Mass. 618, 624 (1982) (applying Rule 36; accord Commonwealth v. Fields, 371 Mass. 274, 282 (1976) (applying former G.L.c. 277, §72A, which was superseded by Rule 36).
2. Analysis
The speedy trial clock counting down the twelvemonth limit imposed by Rule 36 began to run anew for each defendant on October 4, 2011, when they were arraigned in the Superior Court. See, Commonwealth v. Farris, 390 Mass. 300, 304 n.4 (1983); Mass.R.Crim.P. 36(b)(1)(C).
The parties agree that the Rule 36 clock was tolled while Defendants pressed their motion to suppress evidence and the Commonwealth sought interlocutory review of the suppression order. See Rule 36(b) (2) (A) (iv) & (v).
The parties also agree that the clock ran during three periods, totaling 328 days, that are attributable to and count against the Commonwealth. Specifically, they agree that the Rule 36 clock was ticking away: (i) for the 34 days from the arraignment in Superior Court on October 4, 2011, to November 7, 2011, which was seven days after the pre-trial conference;[3] and (ii) for the additional 294 days covering two periods from the allowance of the motion to suppress on March 28, 2012, to the Commonwealth’s filing of its notice of interlocutory appeal on April 4, 2012, and from the SJC’s issuance of its rescript on October 8, 2015, to the status conference on July 27, 2016, when a new trial date was established.
The parties disagree as to whether the Rule 36 clock was tolled during three additional periods. The Court concludes that two of the periods do not count against the Commonwealth because Defendants acquiesced in those delays. But Defendants objected to the Commonwealth’s motion to further continue the trial date and the Commonwealth has not shown that the resulting 75-day delay may be excluded for purposes of applying Rule 36.
2.1. March 8 to March 19, 2012 — Continuance of Motion to Suppress Hearing
Defendants argue that ten additional days should count against the Commonwealth because the motion to suppress hearing originally scheduled for March 8, 2012, was continued to March 19, 2012, to give the Commonwealth time to complete its mandatory discovery.[4] The Court disagrees.
This period does not count against the Commonwealth because neither defendant did anything to challenge this short delay in the obtaining the mandatory discovery owed by the Commonwealth. “[A] defendant seeking both to preserve his speedy trial rights and to obtain items of missing mandatory discovery must file a motion for sanctions or to compel pursuant to rule 14(a) (1) (C). In order that a defendant freely may pursue the discovery he is due without thereby sacrificing his rule 36 rights, the time it takes to resolve the rule 14(a)(1)(C) motion shall not be excluded automatically from the ultimate speedy trial calculation. This framework ensures both that a defendant will not sit on his hands and then later attempt to invoke rule 36, and also that he need not choose between two procedural rights to which he is equally entitled.” Taylor, 469 Mass. at 527-28. Where, as here, the Commonwealth requests and obtains a continuance because it needs more time to provide mandatory discovery, and the defendant acquiesces in that request without seeking sanctions or to compel disclosure, the speedy trial clock under Rule 36 stops running. Id. at 526 & 528 n.17.
2.2. Period After July 27, 2016— Scheduling Trial Date
Defendants also argue that there was no good reason for the magistrate to delay the original trial date until October 12, 2016, and that as a result the 130 days between the July 12, 2016, status conference and the December 5, 2016, filing of Mr. Douglas’s Rule 36 motion to dismiss should count against the Commonwealth. The Court once again disagrees.
Neither defendant lodged any objection at the July status conference to having the trial scheduled for October 12. Counsel for Mr. Douglas saidhewas ready to try the case and asked for an August trial date. Counsel for Mr. Steed apparently agreed. But when the magistrate said he was concerned that witnesses may not be available in August, that the trial calendar looked rather full in September, and that he therefore preferred to set a trial date in October, neither defense lawyer lodged any objection.
*5 Under these circumstances, Defendants acquiesced in and waived any objection to the setting of an October 12 trial date, which means that this period cannot be counted against the Commonwealth. “When a defendant has agreed to a continuance, or has not entered an objection to delay, he will be held to have acquiesced in the delay.” Commonwealth v. Williams, 475 Mass. 705, 714-15 (2016), quoting Barry v. Commonwealth, 390 Mass. 285, 298 (1983). Rule 36 “is intended to encompass ‘existing case law under former G.L.c. 277, §72A, to the extent that a defendant is not automatically entitled to dismissal if he acquiesces’ ” in a continuance or other delay. Barry, supra at 295, quoting Commonwealth v. Look, 379 Mass. 893, 898-99 n.2 (1980). “[B]ecause the opportunity conferred by the rule is not a fundamental constitutional right, or even a right created by statute, the application of ‘traditional indicia of waiver of rights’ is appropriate.” Id. at 296, quoting Commonwealth v. Carr, 3 Mass.App.Ct. 654, 656 (1975).
2.3. Continuance of Trial Date to January 13, 2017
The final period at issue is the time after the October 12, 2016, trial date. On September 30, 2016, less than two weeks before the scheduled trial, the Commonwealth moved to continue the trial on the ground that its ballistics expert was “unavailable for trial due to out of state training.” The motions to continue (one was filed in each case) state that Defendants both objected and did not waive their rights under Rule 36. Since Defendants did not acquiesce in or benefit from the delay, the Commonwealth has the burden proving that this “delay falls within one of the excluded periods provided by rule 36(b)(2).” Commonwealth v. Roman, 470 Mass. 85, 92-93 (2014). The Court concludes that the Commonwealth has not met this burden and therefore the time elapsed since the original trial date counts against the Commonwealth.
The Commonwealth failed to demonstrate that the trial had to be continued to January 2017 because an essential witness was not available to testify. Rule 36 provides that “(a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness” shall “be excluded in computing the time within which the trial of any offense must commence.” See Mass.R.Crim.P. Rule 36(b)(2)(B). The Commonwealth has not met its burden of showing either that this particular ballistician was “essential” to the Commonwealth’s case, or that the witness’s desire to attend some kind of training made the witness “unavailable” within the meaning of the rule. The Commonwealth does not claim and has not shown that the speedy trial clock was tolled for any other reason.
2.3.1. Ballistician Not Essential
The Commonwealth has not shown that the ballis-tician scheduled to testify at trial was indispensable, irreplaceable, and therefore essential within the meaning of Rule 36(b)(2)(B). Indeed, the Commonwealth did not show it needed to call any ballistician at all.
Where the government can prove its case without the testimony of a particular witness, that witness is not “essential” and thus his or her absence does not toll the running of a speedy trial time limit imposed by rule or statute. United States v. Ortiz, 687 F.2d 660, 663-64 (5th Cir. 2012) (applying federal Speedy Trial Act exclusion, in 18 U.S.C. §3161(h)(3)(A), of “(a]ny period of delay resulting from the absence [of] ... an essential witness”); see generally The New Shorter Oxford English Dictionary 852 (1993) (“essential” means “[a]bsolutely indispensable or necessary”); Webster’s Third New International Dictionary 777 (1976) (“essential” means necessary, indispensable," or “unavoidable”).
The ballistician was presumably going to testify that the obj ect found in the vehicle was an operable firearm and that it contained ammunition, as those terms are defined in G.L.c. 140, §121. The Commonwealth does not argue that it intended to elicit any other evidence from this witness.
The Commonwealth has made no showing that it was unable to arrange for a substitute ballistician, or some other police officer or detective with basic expertise regarding firearms, to inspect the weapon and ammunition, test fire the gun, and opine as to whether these objects meet the statutory definitions of firearm and ammunition. “The Commonwealth was required to prove as an essential element of its case that the weapon recovered was a working or operable firearm; that is, that the gun was capable of discharging a shot or bullet.” Commonwealth v. Barbosa, 461 Mass. 431, 435 (2012). “The Commonwealth’s burden to prove that a weapon is a ‘firearm’ in the statutory sense is not a heavy one ... ‘It requires only that the Commonwealth present some competent evidence from which the jury reasonably can draw inferences that the weapon will fire’ . . . and that it is under a certain length. See G.L.c. 140, §121 (definition of ‘[f]irearm’).” Id., quoting Commonwealth v. Loadholt, 456 Mass. 411, 430-31, judgment vacated on other grounds sub nom Loadholt v. Massachusetts, 562 U.S. 956 (2010), quoting in turn Commonwealth v. Nieves, 43 Mass.App.Ct. 1, 2 (1997). Most any police officer can test fire a weapon to determine whether it is a working firearm and measure the length of the barrel.
Furthermore, the Commonwealth could have gone to trial on October 12 and proved its case without presenting any testimony by a witness who had test fired or measured the gun. Since the Commonwealth alleges and presumably could prove that police officers recovered a firearm loaded with ammunition from the vehicle in which Defendants were passengers, it was not required to “present expert testimony to meet its burden of proof.” Loadholt, 456 Mass. at 433. Where the Commonwealth presents credible evidence that a defendant was in possession of a firearm loaded with *6 ammunition, and also introduces the firearm and ammunition into evidence, the jury may infer, “without the aid of expert testimony, that the gun was capable of discharging a bullet.” Commonwealth v. Fancy, 349 Mass. 196, 204 (1965); accord Commonwealth v. Stallions, 9 Mass.App.Ct. 23, 25-26 (1980). And if the handgun is in evidence, the jury may conclude that it has a barrel less than sixteen inches long based on its own observations, without need for any expert opinion. Commonwealth v. Sperrazza, 372 Mass. 667, 670 (1977).
Similarly, no specially trained ballistician was needed to prove that the cartridges found in the gun met the statutory definition of “ammunition.” If an object is admitted into evidence, and a police officer opines that the object meets the statutory definition of “ammunition,” that is sufficient to support a conviction for unlawful possession of ammunition without any certificate from an expert “ballistician.” See, Loadholt, 456 Mass. at 434. “With respect to ‘ammunition,’ there is no requirement of current functionality. The Commonwealth need not prove that ‘particular ammunition is capable of being fired’; it only must show that ‘the putative ammunition is designed for that purpose.’ . . . See G.L.c. 140, §121 (definition of ‘[a]mmunition).” Id., quoting Commonwealth v. Mendes, 44 Mass.App.Ct. 903, 904, (1997) (rescript). By statute, the Commonwealth can prove that an object constitutes “ammunition” by showing that it is or contains either “cartridge cases, primers (igniter), bullets or propellant powder.” G.L.c. 269, §10(o) (emphasis added). There is no need for an expert ballisti-cian to dismantle an unfired round to determine whether it contains primer or gunpowder. To the contrary, the Commonwealth can prove that a cartridge found in a handgun constitutes “ammunition” by having someone with minimal expertise look at the object and opine that it has at least one of the elements of “ammunition.” Even a spent shell casing meets the statutory definition of “ammunition,” because “(t]he statute criminalizes possession of cartridges and their component parts.” Commonwealth v. Truong, 78 Mass.App.Ct. 28, 32 (2010). The statute “validly criminalizes unlicensed possession of any individual component of a cartridge, including shell casings,” because it “protect(s) . . . the public from the danger posed by the assemblage and usage of ammunition” and not merely from the danger posed by ammunition that is presently capable of being fired. Id. at 33 & n.6.
In sum, since it appears that the Commonwealth did not need the missing ballistician to prove its case, the Commonwealth has not met its burden of showing that this witness was “essential” within the meaning of Rule 36(b)(2)(B).
2.3.2. Ballistician Not Unavailable
The Commonwealth also failed to prove that its intended ballistics expert was “unavailable” within the meaning of Rule 36. The rule specifies that “an essential witness shall be considered unavailable whenever,” among other things, “his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.” Mass.R.Crim.P. Rule 36(b)(2)(B). A police officer or other witness employed by a law enforcement agency is not unavailable just because they fail to appear at trial or say shortly before trial that they would prefer to be elsewhere. See, Commonwealth v. Denehy, 466 Mass. 723, 735 n.17 (2014) (“local police officers” who “would have been readily locatable by the Commonwealth” are not “ ‘unavailable’ as contemplated by [Rule] 36(b)(2)(B), such that the delay resulting from their absence would be excluded from the speedy trial calculus”). The mere assertion that a witness is planning to attend professional training that conflicts with a scheduled trial is insufficient to meet the prosecution’s burden of proving that the witness’s “presence could not be obtained through due diligence.” See, United States v. Burrell, 634 F.3d 284, 292 (5th Cir. 2011) (local sheriffs officer not “unavailable” within meaning of federal Speedy Trial Act where trial was continued so that he could attend training program); accord United States v. Brown, 819 F.3d 800, 819 (6th Cir. 2016) (same as to probation officer).
The Commonwealth has made no showing that it was unable to arrange for or compel its ballistics expert to appear and testify without continuing the trial past October 12, 2016. If that person’s out-of-office training had been scheduled before the trial date was set, then the Commonwealth had an obligation to inform the magistrate of that fact and agree to an earlier trial date when that witness would be available or make arrangements for a substitute witness. Alternatively, if the October 12 trial date was set before that witness signed up for out-of-state training scheduled for the same time, and the Commonwealth needed a ballistician to testify (which it did not in this case) but could not arrange for a substitute witness, then the Commonwealth could have complied with Rule 36 by telling its ballistician that she or he could not attend the training because they were obligated to testify at the trial in this case. See Brown, 819 F.3d at 819. The Commonwealth made no showing that the training at issue was more important than trying this case within the twelve-month period mandated by Rule 36. As a result, the judge who allowed the motion to continue the trial was not asked to and did not make any finding that the “ends of justice served by taking such action outweighed the best interests of the public and the defendant in a speedy trial,” which is why the Commonwealth cannot and does not seek to invoke the safe harbor of Rule 36(b)(2)(F).
2.3.3. Conclusion
For all of these reasons, the Court concludes that the additional 75 days from October 12,2016, through today count against the Commonwealth, because the *7 Commonwealth requested a continuance of the trial over Defendants’ objections even though no essential witness was unavailable and there was no other reason for the continuance that would toll the speedy trial clock under Rule 36. This means that a total of 403 days of elapsed time count against the Commonwealth. Since this is well in excess of the twelve-month time limit imposed by the rule, the Court must dismiss this action.
ORDER
The motions by defendants Jason Douglas and Wayne Steed to dismiss the indictments against them pursuant to Mass.R.Crim.P. 36(b)(1)(C) are both ALLOWED. All indictments in these two cases are hereby dismissed with prejudice. The final pre-trial conference scheduled for January 4, 2017, and the jury trial scheduled to begin on January 13, 2017, are hereby cancelled.

 The charges for possessing a loaded firearm and possessing the ammunition found in the gun are duplicative. See, Commonwealth v. Johnson, 461 Mass. 44, 51-54 (2011). The charges for possessing a firearm and for possessing a loaded firearm are not duplicative, because the latter charge carries an enhanced penalty in addition to that imposed for the former charge. See Commonwealth v. Rivas, 466 Mass. 184, 189 n.7 (2013) (dictum); Commonwealth v. Charles, 81 Mass.App.Ct. 901, 902, rev’d in part, 461 Mass. 1108 (2012).

 See, Commonwealth v. Douglas, 86 Mass.App.Ct. 404 (2014), rev’d, 472 Mass. 439 (2015).

 See, Commonwealth v. Rodgers, 448 Mass. 538, 541 (2007); Barry v. Commonwealth, 390 Mass. 285, 296 n.13 (1983).

 For included periods that count against the twelve-month period established by Rule 36, one does not count either the first or the last day of the period. In contrast, “(f]or excludable periods, we include both the first and last day." Denehy, 466 Mass. at 730 n.8 (applying Mass.R.Crim.P. 36(b)(3)).