The defendant, Joel Molina, appeals from his convictions of possession of a firearm without a license and possession of a loaded firearm.[2] G. L. c. 269, § 10(a ) & (n ). We affirm.
We discern no abuse of discretion in the judge's limitation on the scope of the defendant's cross-examination. As a general matter, we "will not overrule a trial judge's determination as to the proper scope of cross-examination unless the defendant shows a clear abuse of discretion and prejudice." Commonwealth v. Crouse, 447 Mass. 558, 572 (2006). "[C]arefully circumscribed extrajudicial statements" may be admitted, but the "testimony must be limited to the facts required to establish the officer's state of knowledge." Commonwealth v. Rosario, 430 Mass. 505, 508-509 (1999). Here, the judge's limitation allowed the jury to learn what the police knew prior to stopping the defendant. Further testimony regarding the source of the information, a paid confidential informant, was not relevant to the defendant's theory that he was framed by a man named Chino. Moreover, the defendant was allowed to present evidence to the jury regarding Chino's opportunity, ability, and motive to frame the defendant. See Commonwealth v. Chambers, 465 Mass. 520, 535 (2013), quoting from Commonwealth v. Vinnie, 428 Mass. 161, 163 (1998), cert. denied, 525 U.S. 1007 (1998) (no prejudice where there is "fair assurance that the errors 'did not influence the jury, or had but very slight effect' ").
The defendant also contends that the trial judge erroneously permitted Officer Broderick to opine that the location and orientation of the firearm in the defendant's vehicle indicated that it was placed there by someone sitting in the driver's seat. As the defendant did not object to this testimony, we review to determine whether its admission created a substantial risk of a miscarriage of justice. Commonwealth v. Madera, 76 Mass. App. Ct. 154, 160 (2010). The defendant's theory was that the firearm had been placed in his vehicle by Chino while he was riding Chino's motorcycle. Officer Broderick's testimony regarding the placement of the firearm did nothing to detract from the defendant's allegation of Chino's framing him. There was also substantial evidence that the defendant possessed the firearm, because it was located in plain view in the vehicle that he owned and was driving at the time he was stopped by police.[3] "The substantial risk standard requires us to determine 'if we have a serious doubt whether the result of the trial might have been different' " had the jury not heard the officer's testimony. Commonwealth v. Azar, 435 Mass. 675, 687 (2002), quoting from Commonwealth v. LeFave, 430 Mass. 169, 174 (1999).
There was likewise no substantial risk of a miscarriage of justice based on the judge's omission of the statutory definition of "ammunition" in the jury instructions. The trial judge instructed the jury on the elements of both the possession of ammunition, G. L. c. 269, § 10(h ), and possession of a loaded firearm, G. L. c. 269, § 10(n ). Though she did not provide the statutory definition of ammunition, this error is not fatal. Commonwealth v. Velez, 82 Mass. App. Ct. 12, 19 (2012) ("[T]he law treats the details of instructions with a degree of reasonable tolerance in trials in which the body of evidence leaves no reasonable doubt of the propriety of a verdict"). There was considerable evidence presented that the firearm recovered from the defendant's vehicle was loaded with items that satisfied the statutory definition of ammunition. Officer Lewis, an experienced firearm examiner, testified as to his examination of the items recovered from inside the firearm and described them as "seven cartridges of live ammunition, .40-S & W .40, Smith & Wesson caliber cartridges" that were stamped with the manufacturer's name and caliber and compatible with the firearm and magazine into which they were loaded. He noted that upon visual inspection, the items were comprised of a cartridge case, bullet, and primer. Officer Lewis opined that the items met the statutory definition of ammunition. There is nothing in the record "that could rationally lead to a contrary finding" that the items inside of the magazine were not "ammunition" as statutorily defined. Velez, supra, quoting from Commonwealth v. Matos, 78 Mass. App. Ct. 578, 588 (2011). Therefore, the omission did not create a substantial risk of a miscarriage of justice. Accordingly, the defendant's convictions are affirmed.
Judgments affirmed.

The defendant was also convicted of possession of ammunition without a firearm identification card, G. L. c. 269, § 10(h ), but the Commonwealth moved to dismiss the charge.

Indeed, the firearm was tucked between the driver's seat and the center console, and was sufficiently apparent that the defendant's counsel commented in his opening statement that it was "as bold and visible as the red nose upon Rudolph the Red-Nosed Reindeer."