In 1974 the defendant pleaded guilty to unlawfully carrying a firearm. More than forty years later, he filed a motion to vacate his plea, alleging that he had carried not a firearm, but a "starter's pistol," which "was not capable of discharging a projectile." A Superior Court judge denied the motion without an evidentiary hearing.
On appeal the defendant clarifies that he is claiming ineffective assistance of counsel based on plea counsel's failure to discover evidence that would purportedly show that the firearm was in fact a starter's pistol.[2] To prevail on such a claim, the defendant would have to show that counsel's performance fell "measurably below that which might be expected from an ordinary fallible lawyer" and, as a result, "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant's motion did not raise a substantial issue with regard to either part of this test.
The defendant did not submit an affidavit from plea counsel. He relied solely on his own affidavit, in which he alleges that, in response to requests he made in 2010 and 2011 "for information regarding the type of firearm seized from [him] in 1973, the Office of the Legal Advisor for the Boston Police Department stated that, because [his] request was 'not a public records request, there are no [responsive] documents.' " He further alleges that he "believe[s that the police department's response] means that evidence verifying the alleged firearm seized from [him] was a 'starter's pistol' does, in fact, exist." This speculative and self-serving assertion is insufficient to raise a substantial issue. See Commonwealth v. Scoggins, 439 Mass. 571, 578 (2003). The judge therefore did not abuse her discretion in denying the defendant's motion, especially given the prejudice to the Commonwealth that "inevitably inheres in a motion seeking to overturn an ancient conviction." Commonwealth v. Thurston, 53 Mass. App. Ct. 548, 552 (2002).[3]
Order denying motion to withdraw guilty plea and for new trial affirmed.

The Commonwealth contends that the defendant waived any claim of ineffective assistance of counsel because he did not fairly raise it in his motion. On the view we take of the case, we will assume that the claim is preserved.

We deny the defendant's request that we "remand[ ] with instructions for the court below to order the Boston Police Department to produce any and all documents, however stored, [in its] possession and/or under its control regarding this case." The defendant waived this request by failing to raise it below, and we discern no substantial risk of a miscarriage of justice. See Commonwealth v. Velez, 82 Mass. App. Ct. 12, 19, (2012).