NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-456                                          Appeals Court

COMMONWEALTH  vs.  JEFFREY DOBBINS.

No. 18-P-456.

Hampden.     September 16, 2019. - November 25, 2019.

Present: Kinder, Sacks, & Shin, JJ.


Indecent Assault and Battery. Rape. Assault with Intent to
     Rape. Statute, Construction. Evidence, Age, Opinion,
     Exculpatory, Relevancy and materiality. Practice,
     Criminal, New trial, Assistance of counsel. Constitutional
     Law, Assistance of counsel.


     Indictments found and returned in the Superior Court
Department on May 1, 2012.

     The cases were tried before John S. Ferrara, J., and a
motion for a new trial, filed on February 10, 2015, was heard by
him.


     Michael P. Gerace for the defendant.
     Cynthia Cullen Payne, Assistant District Attorney, for the
Commonwealth.


     SHIN, J.  After a jury trial in Superior Court, the

defendant was convicted of rape of a child with force, assault

of a child with intent to rape, and two charges of indecent

assault and battery on a person fourteen years of age or older

(G. L. c. 265, § 13H).  We consolidated the defendant's direct appeal with his appeal from the order denying his motion for a new trial.  In the consolidated appeal, the defendant argues that his convictions of indecent assault and battery should be reversed because the evidence was insufficient to establish that the victim was fourteen years of age or older at the time of the assaults, that the judge abused his discretion by allowing a lay witness to testify that the victim has a learning disability, and that a new trial is warranted because defense counsel was constitutionally ineffective.  We conclude that proof that the victim "has attained age fourteen" is not required to sustain a conviction of indecent assault and battery under G. L. c. 265, § 13H, so any failure of proof in that regard is not a basis to reverse the defendant's convictions.  Discerning no merit to the defendant's remaining arguments, we affirm.

Background.  The jury could have found the following facts. The victim was sixteen years old at the time of trial.  She had been living with her grandmother, her legal guardian, since she was young but visited her mother at her apartment approximately once or twice per month.  The mother has five other children, two of whom lived with her; the other three lived with their father.  When the victim stayed overnight at the mother's apartment, she usually slept on the sofa in the downstairs living room or on the floor of the mother's upstairs bedroom.

The defendant and the mother were dating, and he stayed overnight at the apartment on a regular basis.

The defendant sexually assaulted the victim multiple times when she was "[t]hirteen, fourteen" years old.[1] On several nights when the victim was sleeping in the living room, the defendant would approach the victim, ask her to "suck his dick," and then force her mouth open with his hands and insert his penis. The victim estimated that this happened twenty to twenty-five times.

The defendant also assaulted the victim in the mother's bedroom. After the mother fell asleep, the defendant would reach down to where the victim lay on the floor and touch her breasts and vaginal area over her pajamas. The victim testified that this happened "[a] few times."

Discussion. 1. Indecent assault and battery convictions. General Laws c. 265, § 13H, provides in relevant part that "[w]hoever commits an indecent assault and battery on a person who has attained age fourteen shall be punished." Citing the statute and Instruction 6.500 of the Criminal Model Jury Instructions for Use in the District Court (2009) (in effect at

---

[1] The victim turned fourteen on May 25, 2011. She believed that the assaults began in 2010, but was uncertain and could not give a definitive time frame.

the time of trial),[2] the defendant contends that the Commonwealth was obliged to prove as an element of § 13H that the victim had "attained age fourteen" when the assaults occurred.  We conclude to the contrary that § 13H does not require such proof.

"Our primary duty in interpreting a statute is 'to effectuate the intent of the Legislature in enacting it.'" Commonwealth v. Brown, 479 Mass. 600, 606 (2018), quoting Sheehan v. Weaver, 467 Mass. 734, 737 (2014).  Thus, "[w]e will not adopt a literal construction of a statute if the consequences of such construction are absurd or unreasonable." Brown, supra, quoting Attorney Gen. v. School Comm. of Essex, 387 Mass. 326, 336 (1982).  Rather, we will "assume the Legislature intended to act reasonably."  Commonwealth v. Muir, 84 Mass. App. Ct. 635, 640 (2013), quoting School Comm. of Essex, supra.

The Legislature enacted § 13H through St. 1980, c. 459, entitled "An Act Providing Graduated Penalties and Victim Compensation for the Crime of Rape and Related Offenses."  At

---

[2] The judge instructed the jury in accordance with § 3.5 of the Massachusetts Superior Court Criminal Practice Jury Instructions (2d ed. 2013) that the Commonwealth had to prove "that the alleged victim was at least [fourteen] years of age at the time of the alleged offense."  While the Superior Court model instruction has not changed, the current version of the District Court model instruction does not include age as an element of the offense.  See Instruction 6.500 of the Criminal Model Jury Instructions for Use in the District Court (2018).

the same time, the Legislature amended G. L. c. 265, § 13B --
which criminalizes indecent assault and battery on a child under
the age of fourteen -- by, among other things, increasing the
penalties applicable to that offense.  Under § 13B an indecent
assault and battery on a child under the age of fourteen is
punishable by up to ten years in State prison.  In contrast,
under § 13H, an indecent assault and battery on a person
fourteen years of age or older is punishable by up to five years
in State prison.

Considering these statutory provisions together, we think
it apparent that the language "on a person who has attained age
fourteen" in § 13H was intended to differentiate that crime from
the crime of indecent assault and battery on a child under age
fourteen.  It was not intended to create an element that the
Commonwealth must prove beyond a reasonable doubt.  Were we to
conclude otherwise, it would mean that a defendant in a case
such as this would avoid prosecution altogether solely because
of the victim's inability to recall with certainty whether she
was under or over the age of fourteen at the time of the
offense.[3]  We are confident that the Legislature did not intend
to create such an anomaly.

---

[3] Age is an element of the offense of indecent assault and
battery on a child under the age of fourteen.  See Commonwealth
v. Traynor, 40 Mass. App. Ct. 527, 528 (1996).

We addressed a similar question of statutory construction in Muir, 84 Mass. App. Ct. at 639-641.  At issue there was subsection 1 of G. L. c. 90, § 24 (2) (a1/2), which punishes whoever, while operating a motor vehicle on a public way, leaves the scene of an accident "after knowingly colliding with or otherwise causing injury to any person not resulting in the death of any person."  We concluded that "not resulting in the death of any person" is not an element of subsection 1, but instead was intended to differentiate subsection 1 from subsection 2, which makes it a felony to leave the scene of an accident involving death with the intent of avoiding prosecution or evading apprehension.  Muir, supra at 640.  A contrary reading, we reasoned, would lead to the unreasonable result that it would be a criminal offense to leave the scene of an accident causing injury (but not death) regardless of the purpose for leaving, but lawful to leave the scene of an accident causing death if the purpose for leaving was not to avoid prosecution or evade apprehension.  See id. at 640-641.  See also Commonwealth v. Lockwood, 95 Mass. App. Ct. 189, 197 & n.7 (2019) ("no person lawfully therein being put in fear" not element of G. L. c. 266, § 18, but rather "a means by which to distinguish § 18 from the more serious crime" of G. L. c. 266, § 17, which does require proof of person "being put in fear").

Likewise here, we decline to ascribe to the Legislature an intent that would lead to an unreasonable result. We thus conclude that the Commonwealth was not required to prove that the victim was age fourteen or older to sustain the convictions of indecent assault and battery under § 13H. The jury instruction, which erroneously added to the Commonwealth's burden of proof, does not change our conclusion. "A jury instruction that 'add[s] elements to the government's burden of proof beyond those required by statute . . . may not become the law of the case' if it is 'patently incorrect.'" Commonwealth v. Buttimer, 482 Mass. 754, 766 n.17 (2019), quoting United States v. Zanghi, 189 F.3d 71, 79 (1999), cert. denied, 528 U.S. 1097 (2000). Instead, we must look to "the elements of the charged crime," not "the erroneously heightened command in the jury instruction" in assessing the sufficiency of the evidence. Buttimer, supra, quoting Musacchio v. United States, 136 S. Ct. 709, 715 (2016).[4]

2. Testimony about victim's learning disability. The defendant next argues that the judge abused his discretion by allowing the grandmother to testify, over the defendant's

---

[4] Although we held in Commonwealth v. Pinero, 49 Mass. App. Ct. 397, 399 (2000), that an erroneous jury instruction became the law of the case, the issue arose there in a different context -- namely, where the instruction created a risk of duplicative convictions.

objection, that the victim had "an individual educational plan, focusing on her learning specifically because she has a learning disability." In particular, the defendant argues that the grandmother's testimony constituted improper lay opinion and that the fact of the victim's learning disability was exculpatory evidence that the Commonwealth should have disclosed before trial. We disagree on both counts.

The testimony was not improper lay opinion. As established at trial, the grandmother was involved with the victim since her birth, was the victim's legal guardian, and was "very involved in her education." That the victim had an individualized education plan because she has a learning disability was not an opinion based on "scientific, technical, or other specialized knowledge" necessitating an expert. Mass. G. Evid. § 701(c) (2019). Rather, the judge was within his discretion to admit the testimony as a statement of observed fact. See Commonwealth v. Bonds, 445 Mass. 821, 830 n.14 (2006) ("The mother, who obviously had intimate and lengthy experience caring for [the victim], was well situated to explain to the jury how [she] was affected by her disease"); Parker v. Boston & Hingham Steamboat Co., 109 Mass. 449, 451 (1872) ("The witness had the means of observing the plaintiff from time to time, and her testimony was as to facts within her observation and not a mere expression of opinion reached by a process of reasoning and deduction").

Nor was the fact of the victim's learning disability exculpatory evidence that the Commonwealth had to disclose. The defendant contends that, had he known of the evidence, he could have potentially called an expert to testify that the victim's learning disability was unrelated to her difficulties recalling time frames, which he says would have diminished the grandmother's and the victim's credibility. But neither the grandmother nor the victim gave testimony linking the victim's learning disability to her difficulties recalling time frames.[5] The defendant has thus failed to show that the evidence was exculpatory. See Commonwealth v. Healy, 438 Mass. 672, 679 (2003) ("To prevail on a claim that the prosecution failed to disclose exculpatory evidence, a defendant must first prove that the evidence was, in fact, exculpatory").

Furthermore, the defendant suffered no prejudice from the admission of the testimony. The grandmother made only fleeting mention of the victim's learning disability, and the prosecutor made no reference to it in her closing argument. The record does not support the defendant's claim that the prosecutor made use of the testimony to elicit sympathy for the victim.

---

[5] The defendant agrees that it was proper for the grandmother to testify regarding the victim's difficulties with time frames and concomitant need to record events in a calendar.

3.  Ineffective assistance of counsel.  In his motion for a new trial, the defendant argued that trial counsel was ineffective for failing to investigate the victim's sister as a potential witness and for failing to call the victim's mother to testify.  After four days of evidentiary hearings, the same judge who presided at trial denied the defendant's motion in a thorough written decision.  We review the judge's decision only "to determine whether there has been a significant error of law or other abuse of discretion" (citation omitted).  Commonwealth v. Weichell, 446 Mass. 785, 799 (2006).  We "extend[] special deference to the action of a motion judge who [as here] was also the trial judge."  Commonwealth v. Rosario, 460 Mass. 181, 195 (2011), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

The judge made the following factual findings, which are not clearly erroneous, regarding the defendant's claim that counsel was ineffective for not investigating the victim's sister.  After trial ended, the sister spoke to the defendant by telephone and told him that it was the victim's fault that he was in prison and that the grandmother had pressured the victim into making false allegations against him.  The sister later signed an affidavit to the same effect after she was contacted by the defendant's appellate counsel. At the evidentiary hearing, however, the sister recanted, testifying that the

victim never said that she had made up the allegations. Instead, according to the sister, the victim disclosed the sexual assaults to her, but when the sister urged the victim to tell the mother, the victim said she did not want to because it could "break up their home."

Based on these facts, the judge was within his discretion to conclude that the defendant failed to demonstrate that trial counsel was ineffective for failure to investigate the sister. The sister's telephone call with the defendant, and her signing of the affidavit, occurred after trial. The defendant has not shown why an ordinary fallible attorney would have had reason to know -- any time before or during trial -- that the sister had potentially exculpatory information. See Commonwealth v. Denis, 442 Mass. 617, 629 (2004), quoting Strickland v. Washington, 466 U.S. 668, 691 (1984) ("While counsel certainly has 'a duty to make reasonable investigations,' counsel is also afforded the opportunity to 'make a reasonable decision that makes particular investigations unnecessary'"). Furthermore, given the sister's later recantation, the judge was warranted in concluding that the defendant failed to show that he was deprived of a substantial ground of defense. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant speculates that the sister would have testified consistently with her affidavit. But as the judge found, the sister could have testified as she

did at the evidentiary hearing, and had she done so, her testimony would have been "both inculpatory and exculpatory" as "[i]t consisted of a complaint recounting the abuse and then an immediate recantation when [the sister] suggested disclosure to [the mother]."

With regard to the defendant's claim that trial counsel should have called the victim's mother to testify, the judge was within his discretion to conclude that counsel's decision was not manifestly unreasonable.[6]  At the evidentiary hearing, the mother testified that her other children sometimes visited at the same time as the victim and that some would sleep in the living room with her.  Although the defendant contends that this evidence could have been used to impeach the victim's testimony, the mother also testified that the victim sometimes slept alone in the living room.  Thus, as the judge found, the mother's "testimony would not have negated the possibility that the assaults occurred as described by the victim."  The mother's testimony would also have corroborated other aspects of the victim's testimony, including that the victim sometimes slept in

---

[6] The judge credited trial counsel's testimony that he spoke with the mother numerous times before trial and conducted two lengthy interviews.  The judge could thus infer that counsel made a strategic decision not to call the mother to testify.  A strategic decision constitutes ineffective assistance only if it was "manifestly unreasonable" when made.  Commonwealth v. Kolenovic, 478 Mass. 189, 193 (2017), quoting Commonwealth v. Degro, 432 Mass. 319, 332 (2000).

the mother's bedroom on the floor closest to the defendant's side of the bed.  For these reasons it was not manifestly unreasonable for counsel to choose not to call the mother to testify, and for the same reasons, that choice did not deprive the defendant of a substantial ground of defense.[7]

> Judgments affirmed.
>
> Order denying motion for new trial affirmed.

---

[7] The defendant also suggests on appeal that trial counsel did not adequately investigate the mother, pointing to counsel's statement in his affidavit that he "was unaware that [the mother] would have provided facts about the sleeping arrangements of [the victim]."  The defendant posits that, as a result, "other potential percipient witnesses" (e.g., the other children) were not investigated.  But the defendant's motion for a new trial did not argue that counsel was ineffective for this reason, and so any such claim is waived.  See Commonwealth v. Velez, 82 Mass. App. Ct. 12, 19 (2012).  In any event, the defendant has failed to show that these other potential witnesses would have materially aided the defense, for instance by significantly narrowing the number of times the victim slept alone in the living room.